# N. Y. SUPERIOR COURT.

## EDWIN L. BUTTERFIELD agt. WILLIAM RADDE.

*Construction of act of 1874 — authorizing appeals to court of appeals under $500 in amount on condition only.*

An application under chapter 322, of the Laws of 1874, for a certificate or order to authorize an appeal to the court of appeals, may be made by motion to *any general term* of the court; it is not confined exclusively to the same general term in which the decision was rendered.

Under this act, when in the judgment of the court sitting in general term, there is some *question of law* involved which ought to be reviewed in the court of appeals, such general term may allow the appeal to be taken.

The intent of the legislature, in the passage of this act, undoubtedly was to relieve the court of appeals from the great pressure upon its calendar, and the court, at general term, must be satisfied upon these applications that the questions of law involved in the case are of a nature which, in the language of the statute, *ought* to be reviewed by that tribunal; and that they fall within one or other of the following classes:

That they involve the construction of a public statute;

That they involve questions of law of public importance, or as affecting a large public interest;

That a large number of cases are depending upon the determination of the one case; or

That the principles involved are of importance to others than the parties litigating.

And in respect to either of these classes of cases, the court must be satisfied that there is fair and reasonable ground *to doubt the correctness of the decision sought to be reviewed.*

In this case, *held*, that the question desired to be reviewed was of no public or general importance, and there was no doubt of the correctness of the decision of the general term upon it. Motion denied with costs.

*Motion at General Term, heard August 4, 1874.*

*Before* MONELL, *Ch. J., and* SEDGWICK, *J.*

---

Butterfield agt. Radde.

---

THIS is a motion made under chapter 322 of the Laws of 1874, for a certificate or order to authorize an appeal to the court of appeals.

The papers used upon the motion state that the action was to enforce the liability of the defendant, as a stockholder of a manufacturing company, organized under the laws of this state, for the debts of the company.

On the trial, there was proof that at the time the indebtedness accrued, the defendant was a "trustee" of the corporation,

.Such proof, the court, at the trial and at the general term, held was *presumptive* evidence that the defendant was a stockholder; the act requiring that a trustee should be a stockholder ; and the defendant excepted to the decision.

That is the only question which it is claimed should be reviewed by the court of appeals.

The judgment was less than $500.

*S. D. Seward,* for the motion.

*C. M. Earle,* opposed.

MONELL, *Ch. J.*—The statute under which this motion is made (chapter 322 of the Laws of 1874) declares that no appeal shall hereafter be taken to the court of appeals from any judgment or order granting or refusing a new trial, where the amount of the judgment does not exceed $500, &c., " *unless the general term of the court from whose decision such appeal shall be taken, shall, by an order to be entered in its minutes, state that there is involved some question of law which ought to be reviewed in the court of appeals.*"

The first objection to this motion is, that the motion should have been made to the *same* general term by or in which the decision was rendered. Such, however, is not a correct construction of the statute. The motion must be to *a* general term of the court, and cannot be made elsewhere ; but there is nothing in the statute that requires the same

general term in which the decision was rendered, exclusively to entertain the motion. It may do so, and so may any other general term.

The court in *banc*, or in general term, may consist of two or more judges, but a concurrence of at least two judges is necessary to render a decision. A general term is a mere branch of the court; and in this court is changing in its *personnel*, constantly. It would have been impracticable to have required these motions to be made to or at the same term in which the decision was rendered. Frequently, decisions are made after the adjournment of the term, and after the members who constituted it have become occupied in other branches of the court; and it would be difficult to reconstitute the court as it was when the decision was made, so that a motion could be entertained by it.

The judgments the court of appeals is authorized to review are such as are made by the court *at* the general term. But they are the judgments of the *court*, and not of the general term.

Hence, the legislature has provided that the motion shall be made to the general term *"of the court"* from whose decision the appeal shall be taken.

We think the motion is properly before us.

The intention of the statute was, doubtless, to relieve, in some measure, the court of last resort of its overburdened and fast accumulating calendar of causes. Heretofore, there has been no restriction to appeals from judgments of courts of record. All alike were subject to review; and there could be no discrimination between such as involved difficult or important principles of law and such as merely involved small and insignificant sums of money. But as the parties to a controversy do not litigate to establish or settle principles of law, but merely to get or to prevent the getting of money, it was well to put a limit to appeals, and to fix the limit by the sum of money involved.

In thus fixing the limit at $500 the legislature was

Butterfield agt. Radde.

careful to retain the power of ultimate review in cases where it would be proper, without regard to the amount. So that, when in the judgment of the court sitting in general term, there is some *question of law* involved which ought to be reviewed in the court of appeals, such general term may allow the appeal to be taken.

In making this exception the legislature has conferred a discretionary power upon the general terms which should be wisely and discreetly exercised; and especially with reference to the accomplishment of the objects of the statute, and not to defeat its ends.

The most usual objects to be attained by litigation, is the enforcement and protection of rights, or the prevention or redress of wrongs; and no just discrimination can be made which shall wholly exclude a party, in any case, from seeking in the courts such protection or redress. But the legislature has always assumed the right to limit and restrict jurisdictions and to confine litigants to tribunals, having reference to the amount in controversy alone. Hence, inferior courts not of record, have been established, with jurisdiction limited to a small sum of money, and their judgments made final except in exceptionable cases.

To have the law settled is perhaps of more importance than to have it settled correctly. Conflict of decisions and want of harmony in the views of different tribunals, renders the law unstable, and necessarily leads to and increases litigation. But so long as the end is accomplished, it is not of much importance how it is done, nor whether the *ultima thule* is the court of appeals, the supreme or superior court, or even a court of a justice of the peace.

Few questions of law can be said to arise in any case, which have not an analogy to be found in the books; and their determination by any tribunal of sufficient learning, if made a final determination, would as effectually, and probably as satisfactorily, settle the law as if it was carried by successive stages to the highest tribunal.

Butterfield agt. Radde.

To give such effect to the statute as we must assume was intended by the legislature, which was to relieve the court of appeals from the great pressure upon its calendar, we must be satisfied upon these applications, that the questions of law involved in the case, are of a nature which, in the language of the statute, "*ought* to be reviewed" by that tribunal; and that they fall within one or the other of the following classes:

That they involve the construction of a public statute;

That they involve questions of law of public importance, or as affecting a large public interest;

That a large number of cases are depending upon the determination of the one case, or

That the principles involved are of importance to others than the parties litigating;

And, in respect to either of these classes of cases, the court must be satisfied that there is fair and reasonable ground *to doubt the correctness of the decision sought to be reviewed.*

But if the decision concerns the parties to the action only, and is of no general or public importance, the judgment of the general term should be final.

There is much room for difference as to what cases fall within the classes indicated; but that is unavoidable. The courts will best subserve the interests of the public in very sparingly granting permission to continue litigations beyond the general term, and to grant it only in cases of both great importance and doubt.

In the case before us, the question which it is desired to obtain a review of, is of no public or general importance, nor do we entertain any doubt of the correctness of the decision of the general term upon it; and the defendant must be concluded by such decision.

The motion must be denied, with costs.